**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KENTON SMALLWOOD, CATHERINE CHRISTENSON, RAHSAAN RENFORD and BERTHIL IVARSON, individually and on behalf of the Class, and others similarly situated,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No. 09 C 4072** |
| v. | ) ) | **Magistrate Judge Morton Denlow** |
| **ILLINOIS BELL TELEPHONE COMPANY,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Kenton Smallwood ("Smallwood"), Catherine Christenson ("Christenson"), Rahsaan Renford ("Renford"), and Berthil Ivarson ("Iverson") (collectively "Plaintiffs") filed this lawsuit on behalf of themselves and all other similarly situated persons against Defendant Illinois Bell Telephone Company ("Defendant" or "Illinois Bell") alleging that Defendant misclassified Outside Plant Engineers as exempt from overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. Plaintiffs now move this Court to grant conditional class certification and authorize notice to similarly situated current and former employees pursuant to Section 216(b) of the FLSA.

Plaintiffs also seek this Court's approval of a proposed 90-day opt-in period for putative claimants, as well as the form and content of their proposed judicial notice and two reminder notices. Finally, Plaintiffs move this Court to compel Defendant to produce a list of the putative collective class within 7 days of the Court's order, including each individual's name, address, employee identification number, and dates of employment as an Outside Plant Engineer.

An oral argument was held on April 27, 2010, at which time the Court delivered an oral ruling. This opinion provides further explanation. For the reasons given on April 27 and in this opinion, Plaintiffs' motion for conditional certification and judicial notice pursuant to Section 216(b) is granted. The Court finds the suggested letter of notice provided by the Plaintiffs to be suitable, but finds that a 60-day opt-in period is more appropriate. The Court also holds that Plaintiffs may not send out any reminder notices. Finally, Defendant shall produce the necessary contact information on or before May 11, 2010.

## I. BACKGROUND

**A.     Factual Background**

Plaintiffs bring claims against Illinois Bell stemming from their employment as

Outside Plant Engineers ("OSP Engineers").[1]  Dkt. 56, at 1.[2]  They are all currently employed by Defendant, and continue to work for Defendant under the general job description of "Manager OSP Planning and Eng Design," in offices located in Elgin and Des Plaines, Illinois.  Dkt. 68, Ex. A.  They are joined by sixty-nine other "opt-in" Plaintiffs ("opt-in Plaintiffs"), who have joined the case by filing written consent forms with the Court.  These opt-in Plaintiffs also work, or have worked, under the same job description as the named plaintiffs in a number of Illinois locations.[3]

The Manager OSP Planning and Eng Design - 2008 job description states in relevant part:

> **Job Description**
>
> Responsible for the planning, design and analysis of the outside plant facilities/network.  This position supervises the detailed design and the preparation of engineering job orders and associated work prints which conform to approved long-range plans to meet the growth, modernization and replacement demands of the outside plant network.  Conducts job costing

---

[1] Plaintiffs refer to the general position of "Manager, Outside Plant Planning and Engineering Design" as "Outside Plant Engineer" while Defendant refers to the same general position as "Outside Plant Manager."  Although each party has strategic reasons for their choice of terminology, the linguistic distinction is not integral to any argument, nor has it affected the findings of this Court.  Therefore, for the sake of the clarity in this opinion, the general job title will herein be referred to as Outside Plant Engineer ("OSP Engineer").

[2] Dkt. 4 refers to Plaintiffs' complaint.  Dkt. 54 refers to Plaintiffs' motion for conditional certification and notice of collective action.  Dkt. 56 refers to Plaintiffs' memorandum in support of their motion.  Dkt. 65 refers to Defendant's response.  Dkt. 68 refers to Plaintiffs' reply brief.

[3] Arlington Heights, Barrington, Blue Island, Centralia, Champaign, Chicago, Collinsville, Decatur, Des Plaines, Elgin, Joliet (two locations), Oak Brook, Peoria, Rock Island, Rockford, Springfield, Wheaton and Woodstock.  Dkt. 56, at 3.

>activities. Requires full understanding for outside plant installation and maintenance technician activities. May include Loop Electronics Engineering/Coordination and Transmission Equipment Engineering. May be responsible for preparing construction budget and project management activities. May be responsible for right-of-way functions including investigating and acquiring easement interests in real property.

Dkt. 68, Ex. A.

Defendant is an Illinois corporation with its principal place of business located in Chicago, Illinois. It is wholly owned by AT & T Teleholdings, Inc., which in turn is wholly owned by AT & T, Inc. Defendant assigned one job key title to all of its OSP Engineers: Manager, Outside Plant Planning and Engineering Design. This job key, however, contains four different positions: Planner, Design Engineer, Right of Way Engineer ("ROW Engineer"), and Loop Electronics Engineer. Each of the four named Plaintiffs is currently a Design Engineer, and did not work under any of the other job titles during the relevant time period. Some of the opt-in Plaintiffs work, or have worked, under the job title of Design Engineer, while others work, or have worked, under the job titles of Planner, ROW Engineer, or Loop Electronics Engineer, within the broader job description.

Prior to approximately May 16, 2009, Defendant classified all OSP Engineers –including Planners, Design Engineers, ROW Engineers, and Loop Electronics Engineers–as exempt from the overtime requirements of the FLSA. On or about May 16, 2009, Defendant uniformly reclassified all OSP Engineers–including Planners, Design Engineers, ROW Engineers, and Loop Electronics Engineers–as non-exempt employees, thereby making them eligible for overtime payments. Prior to this reclassification, some or all of the named

Plaintiffs and opt-in Plaintiffs routinely worked more than forty (40) hours per week and did not receive overtime pay.

**B.     Procedural History**

Plaintiffs filed this action against Illinois Bell on June 9, 2009 in the Circuit Court of Cook County, Illinois. (Dkt. 1). Defendant removed this action to this Court on July 7, 2009. *Id*. Plaintiffs allege Illinois Bell violated both the FLSA's and IMWL's overtime wage provisions by improperly classifying them as exempt from federal and state overtime laws and failing to compensate them for hours worked for Defendant in excess of forty (40) hours per week. On February 16, 2010, Plaintiffs filed the current motion, requesting this Court to (1) conditionally certify this action as a collective action for purposes of notice and discovery pursuant to § 216(b) of the FLSA, (2) authorize Plaintiffs' counsel to mail judicial notice to all putative plaintiffs, (3) approve the form and content of Plaintiffs' proposed judicial notices and reminder notices, (4) order Defendant to produce to Plaintiffs' counsel the contact information for each putative plaintiff, and (5) authorize a 90-day notice period for putative plaintiffs to join this action. The parties entered a limited consent pursuant to 28 U.S.C. § 636(c)(1) with respect to this motion. Dkt. 59.

**C.     Plaintiffs' Proposed Class for Conditional Certification and Notice**

In connection with Plaintiffs' FLSA claims, Plaintiffs propose that the Court conditionally certify and authorize judicial notice to the following class: "All persons who are or have been employed by Illinois Bell Telephone Company as Outside Plant Engineers, or otherwise held the job title 'Manager, Outside Plant Planning and Engineering Design'

from [three years back from the date the Court orders conditional certification] to May 16, 2009." Dkt. 56, at 5. Plaintiffs submit a proposed notice of pendency of lawsuit and two proposed reminder notices. Dkt. 56, PX 5 and 6.

## II. LEGAL STANDARDS

Under Section 216(b) of the FLSA, employees may bring a collective action on behalf of themselves and other "similarly situated" employees against employers who violate the Act's minimum wage or overtime provisions. 29 U.S.C. § 216(b). District courts use their discretion in managing collective actions because the FLSA does not detail the specific procedures for granting collective action notices. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-74 (1989). While the Seventh Circuit has yet to address how a district court should manage collective actions, "the majority of courts . . . have adopted a two-step process for determining whether an FLSA lawsuit should proceed as a collective action." *Jirak v. Abbott Labs., Inc.*, 566 F. Supp.2d 845, 847 (N.D. Ill. 2008) (collecting cases).

First, a court issues a "conditional certification" of the collective action if the plaintiffs show there are similarly situated employees who are potential claimants. *Russell v. Ill. Bell Tel. Co.*, 575 F. Supp.2d 930, 933 (N.D. Ill. 2008). In order to be conditionally certified, plaintiffs need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.*, 289 F. Supp.2d 1042, 1045 (N.D. Ill. 2003). Second, after the parties have engaged in discovery and the opt-in process is completed, the court reexamines the conditional certification "to determine whether there is sufficient similarity

between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Jirak*, 566 F. Supp.2d at 848. Thus, "it is not until potential plaintiffs have been given a chance to 'opt-in' to the collective action and discovery is complete that the court more rigorously reviews whether the representative plaintiff and the putative claimants are in fact similarly situated so that the lawsuit may proceed as a collective action." *Persin v. Career Builder, LLC*, 2005 WL 3159684 (N.D. Ill. Nov. 23, 2005).

## IV. DISCUSSION

### A.    Conditional Certification is Appropriate

Plaintiffs' motion seeks solely to obtain conditional certification for the purpose of sending notice to potential class members. As such, this Court is only concerned with the first step of the previously stated legal standard; that is, whether the Plaintiffs are "similarly situated." This issue was recently considered by the court in *Witteman v. Wisconsin Bell, Inc.*, 2010 WL 446033 (W.D. Wis. Feb. 2, 2010), which involved facts almost identical to those in the present case. The plaintiffs there were Outside Plant Engineers employed by Wisconsin Bell, Inc., who had been reclassified from exempt to non-exempt employees on or about May 16, 2009. *Id.* at *1. After filing suit for unpaid overtime wages under the FLSA, they moved for conditional certification and judicial notice. Citing the lenient requirements at the first step of conditional certification, the court held that the forty-three declarations from the opt-in plaintiffs and the defendant's discovery responses, similar to those in the present case, were sufficient to meet the "modest factual showing" that they were similarly situated. *Id.* at *3. The court further found that the potential differences among the job positions raised by the defendant were not appropriately considered at the conditional

certification stage of the proceedings. *Id.* at *2-*3.

Furthermore, although the issue is not of ultimate import at the first step of analysis, Plaintiffs have nonetheless provided substantial evidence regarding the similarity of the jobs of putative class. Plaintiffs have presented the job-related declarations of the four named Plaintiffs and thirty-nine opt-in Plaintiffs. Dkt. 56, PX 4. In addition to addressing the aforementioned shared initial exempt classification and simultaneous reclassification by Illinois Bell, these declarations detail a number of overlapping essential job duties and similar training amongst OSP Engineers. *Id.* Specifically, each of the forty-two employees states that his or her primary job duty as an OSP Engineer is (or was) to draw up specifications or plans which workers then use to place telephone and data cables in the appropriate locations. Dkt. 56, PX 4.

Defendant argues that Plaintiffs "cannot establish, even preliminarily, that they are similarly situated to the putative class they seek to represent." To support this argument, Defendant details a number of alleged differences amongst the job duties of the putative class. Defendant emphasizes that the general OSP Engineer job key actually encompasses four specific jobs: Planner, Design Engineer, ROW Engineer, and Loop Electronics Engineer, and presents a number of distinctions amongst these four positions.

The factual grist for Defendant's argument is that, while the named Plaintiffs and the entire putative class might be classified under the umbrella OSP Engineer title, their specific jobs are, in fact, quite different. For instance, according to Defendant, the Planner position generates plans for new OSP jobs, while Design Engineers implement these plans; the ROW

Engineers are responsible for acquiring and maintaining rights of way for Illinois Bell's facilities, while Planners and Design Engineers lack this particular responsibility; a Loop Electronics Engineer spends a significant portion of her working hours making field visits to help determine what equipment is necessary for delivering service, while the other three specific positions primarily occupy their time with different tasks.

Although the job descriptions provided by the named and opt-in plaintiffs in their signed declarations are somewhat "boilerplate," there *are* differences among the declarations, and these variations do acknowledge some of the differences in job duties noted by Defendant. For example, Mr. Walter Zdon notes that, while employed as an OSP Engineer, he "spent the majority of [his] workday inside the office reviewing data on [his] computer and using manuals to draw up plans for jobs" and "occasionally drove to locations where service was needed in order to observe the location of existing equipment and/or future construction." Dkt. 56, PX 4, Declaration of Walter Zdon. The declaration of Mr. Terrance Wasik, on the other hand, notes that he spends "approximately thirty-five percent" of his workday inside the office performing the aforementioned duties and "sixty-five percent" on-location. Dkt. 56, PX 4, Declaration of Terrance Wasik.

However, whether these discrepancies will become important down the road does not affect the current question of conditional certification. *Gambo v. Lucent Tech., Inc.*, 2005 WL 3542485, at *4 (N.D.Ill. Dec. 22, 2005). Defendant's argument regarding job inconsistences has been presented at the incorrect stage of FLSA class certification. In arguing that this Court's "similarly situated" analysis should presently focus on the day-to-

day work activities performed by each class member, Defendants jump ahead to a more exacting standard at step two that is not appropriate at the step one analysis.

Defendants rely on a passage from *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 492, 498 (D.N.J. 2000), which notes that the "similarly situated" question "must be analyzed in terms of the nature of the job duties performed by each class member, as the ultimate issue to be determined is whether each employee was properly classified as exempt." However, the *Morisky* court noted that that particular case was "somewhat different" from a typical FLSA case at the first step of the conditional certification inquiry. *Id.* at 497. In *Morisky*, the discovery period was scheduled to end many months prior to the motion for conditional certification, and thus was "clearly beyond the first tier of the [FLSA class certification] analysis . . . [and] it is appropriate, therefore, for the Court to apply a stricter standard in its analysis of the question before it." *Id.* at 497-98.[4] The present case, however, is not "clearly beyond the first tier" of FLSA class certification analysis. Consequently, the analysis presented in *Morisky* is more akin to the considerations at the *second* stage of FLSA class certification, once the putative class has had the chance to opt-in and discovery has been completed.

At this juncture, "conditional certification" is appropriate if the named plaintiffs make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together

---

[4] In fact, *Morisky* explicitly notes that, at the notice stage, the § 216(b) "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." 111 F.Supp.2d 493, 497.

were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods*, 289 F.Supp.2d 1042, 1045 (internal citations omitted). In focusing almost exclusively on alleged discrepancies in the day-to-day activities of the potential class members, Defendant does not seriously challenge that Plaintiffs have made a "modest showing" of an unlawful common policy or plan. A common policy or plan appears to exist because on May 16, 2009, all OSP Engineers were uniformly reclassified as non-exempt employees, making them eligible for overtime payments. In evaluating the merits of conditional certification under § 216(b), these considerations are far more important than any similarities or dissimilarities regarding the nuts and bolts of the employees day-to-day duties. *See Garza v. CTA*, No. 00-438, 2001 WL 503036, at *3 (N.D.Ill. May 8, 2001) ("That the plaintiffs and other potential plaintiffs may have different jobs . . . [and] earn different amounts of money, and have attended different amounts or types of training does not mean that they are not operating under the same policies that allegedly entitle them to overtime pay.").

Furthermore, the primary cases cited by Defendant are distinguishable from the present case. In *Mike v. Safeco Ins. Co. of Am.*, the named Plaintiff did not provide a "common thread" with the putative class and "expressly disavowed" the shared job description. 274 F. Supp.2d 216, 220 (D. Conn. 2003). In the present case, Plaintiffs provide numerous "common threads" with the putative class. In addition, Plaintiffs not only occupy the same job description, but have presented this Court with the single company job description maintained by Defendant for all OSP Engineers for the years 2006, 2007, and 2008. Dkt. 68, PX A. Defendant cites *King v. West Corp.*, 2006 WL 118577 (D. Neb. Jan

13, 2006), as well, noting the court's emphasis on the particular job duties of the potential class. Dkt. 65, at 13, 18. However, *King* explicitly takes places at the *second stage* of the Section 216(b) conditional certification analysis.[5]

Following discovery and the opt-in process, the Court will be required to reevaluate the conditional certification "to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Heckler v. DK Funding*, 502 F.Supp.2d 777, at 780-781 (N.D.Ill. 2007). Defendant may then move to decertify the class or divide the class into subclasses. *Carnegie v. Household International, Inc.,* 376 F.3d 656, 661 (7th Cir. 2004) (stating that "creating subclasses" is one method for managing differences among class members).

In sum, Plaintiffs have made the necessary factual showing for their claims under the FLSA at this conditional certification stage. Thus, Plaintiffs are authorized to send notices of a collective action pursuant to Section 216(b) to all persons who are or have been employed by the Illinois Bell Telephone Company under the job description "Manager OSP Planning and Eng Design" for the three-year period prior to April 27, 2010, and who started working at Illinois Bell prior to May 16, 2009.

**B.     Notice**

---

[5]"The pending motions . . . relate to the second step in the § 216 certification process . . . Since the court has substantial information upon which to base its decision, a stricter standard of proof is applied at the second step in deciding whether the opt-in plaintiffs are 'similarly situated' for the purposes of pursuing an FLSA action." *King v. West Corp.*, 2006 WL 118577 at *13 (D. Neb. Jan 13, 2006)

Accompanying Plaintiffs' motion for conditional certification is a proposed class notice, Dkt. 56, PX 5, as well as two proposed "reminders," Dkt. 56, PX 6, to be sent out to putative class members. Plaintiffs ask this Court to authorize a 90-day opt-in period. Defendant argues that Plaintiffs' proposed plan regarding notice, and the subsequent sending of reminders, is inappropriate for three reasons.

First, Defendant argues that Plaintiffs' notice could be perceived by a non-lawyer as a judicial endorsement of Plaintiffs' claims. This objection pertains not to the wording of the notice, but the placement of the following disclaimer at the *conclusion* of the notice: "The court has made no decision in this case about the merits of Plaintiffs' claims or Defendant's defenses." Dkt. 56, PX 5. Defendant believes this statement should be placed at the *beginning* of the notice, where it might be more readily viewed. However, the Court does not find that such relocation is necessary. Since the disclaimer is prominently featured in bold type and capital letters, it is sufficiently prominent.

Second, Defendant argues that the notice period should be limited to 30 days. Defendant has not, however, presented any specific reason why, in this particular case, a 30-day notice period would be more appropriate than the 90 days suggested by Plaintiffs. In response, Plaintiffs suggest that a 90-day period is more common than a 30-day period, and better accounts for the "varying delivery times for first class mail, let alone the issues associated with returned mail." Dkt. 68, at 11. This Court finds a 60-day period is a fair period that provides ample opportunity for prospective class members to opt in. *See Witteman*, 2010 WL 446033*3 (approving a 60-day notice period). Additionally, since the

13

FLSA statute of limitations continues to run on each individual's claim prior to the filing of their written consent to join the action, this 60-day period should benefit the class, as it is likely to prompt quicker responses than Plaintiffs' proposed 90-day period. *See Fisher v. Michigan Bell Telephone Co.*, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009) ("Unlike class actions under Rule 23, conditional certification of a collective action under § 216(b) of the FLSA does not toll the statute of limitations for potential plaintiffs.").

Finally, Defendant opposes Plaintiffs' proposal to send the putative class members two reminder letters. The Court agrees with the *Witteman* court that a "reminder is unnecessary and potentially could be interpreted as encouragement by the Court to join the lawsuit." 2010 WL 446033*3.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for conditional class certification and the issuance of Section 216(b) notices. Defendants are to provide necessary contact information no later than May 11, 2010. No reminder notices shall be permitted. The conditional class shall consist of all current or former employees under the job description: Manager OSP Planning and Eng Design who worked for Illinois Bell within the last three years prior to April 27, 2010, and who started working prior to May 16, 2009.

SO ORDERED THIS 6th DAY of MAY, 2010.

*Morton Denlow*
_____
MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE

**Copies sent to:**

| | |
|---|---|
| Matthew H. Morgan and<br>Timothy C. Selander<br>Nichols Kaster, PLLP<br>4600 IDS Center, 80 South Eighth Street<br>Minneapolis, MN 55402 | Kenneth W. Gage<br>Stacey A. Bentley<br>Paul, Hastings, Janofsky & Walker LLP<br>191 North Wacker Drive, 30th Floor<br>Chicago, IL 60606 |
| Douglas M. Werman<br>Werman Law Office<br>77 West Washington, Suite 1402<br>Chicago, IL 60602 | Stephen B. Mead<br>AT&T Services, Inc.<br>225 West Randolph Street, 25th Floor<br>Chicago, IL 60606 |
| Counsel for Plaintiffs | Counsel for Defendant |