

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENTON SMALLWOOD, CATHERINE CHRISTENSEN, RAHSAAN RENFORD, and BERTHIL IVARSON, individually and on behalf of the Class, and others similarly situated, | ) ) ) ) ) CASE NO. 1:09-CV-4072 ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ILLINOIS BELL TELEPHONE COMPANY, | ) Magistrate Judge Morton Denlow ) |
| Defendant. | ) ) |

## ORDER GRANTING JOINT MOTION FOR
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The parties to this action, having entered into a Joint Stipulation of Settlement dated November 18, 2010, and having applied to this Court for preliminary and final approval of the settlement and the terms thereof; this Court having granted preliminary approval of the settlement on November 22, 2010, and having directed notice of the settlement, its terms, and the applicable procedures and schedules to be provided to Settlement Class Members and Named and Opt-In Plaintiffs; this Court having set a final Fairness Hearing for January 18, 2011 to determine whether the Settlement Agreement should be granted final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as "fair, adequate and reasonable;" and all class and collective action members having been given an opportunity to comment on the settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Joint Stipulation of Settlement, the parties' joint motion for final approval and memorandum of law in support, declarations, exhibits, and oral arguments in support thereof, and the proceedings in this

action to date, as follows:

1.      Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Joint Stipulation of Settlement.

2.      This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the Plaintiffs and the Defendant.

3.      This Court confirms as final all portions of its November 22, 2010 Preliminary Approval Order.

4.      The Notice of Settlement given to the Settlement Class and Plaintiffs, pursuant to this Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process.

5.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval of the Joint Stipulation of Settlement and the settlement terms set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members who did not timely opt out pursuant to the procedures set forth in this Court's November 22, 2010 Order, the settlement agreement, and the Notice. The Court further finds that the settlement is not binding on the following six Settlement Class Members who chose to exclude themselves from this settlement by filing opt-out forms: Mary Angeleri Carver, Gerald Carbon, Jr., Rebecca Evans, Kenneth Hozzian, Judith Landi, and Maureen Passarello.

6.      The Court further finds that the settlement is rationally related to the strength of Plaintiffs' claims given the Defendant's offer, the complexity, length, and expense of further litigation.

7. The Court also finds that the settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendant, after thorough factual and legal investigation, with no evidence of collusion.

8. The Court further finds that the response of the Class to the settlement supports settlement approval. Of the 184 Settlement Class Members, 122 have submitted valid, timely claim forms. Of the 160 Named and Opt-In Plaintiffs, 160 submitted valid and timely claim forms. No Plaintiff or Settlement Class Member objected to the Settlement.

9. The Court finds that the proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. The mechanisms and procedures set forth in the Settlement by which payments are to be calculated and made to the participating Settlement Class Members and Plaintiffs are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement.

10. The Court finds that the proposed incentive awards to the Named Plaintiffs are reasonable and appropriate. The Court further finds that the Named Plaintiffs took significant steps to protect the interests of the class, that the class reaped substantial benefits from their actions, and that the amount of time and effort the Named Plaintiffs expended in pursuing the litigation was extensive.

11. The Complaint filed in this action and all claims contained therein are dismissed in their entirety with prejudice as to all Class and Collective Members other than the six Settlement Class Members who opted-out of the Settlement.

12. The parties entered into the Joint Stipulation of Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law

or any liability whatsoever to Plaintiffs and Settlement Class, individually or collectively, all such liability being expressly denied by Defendant.

13. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Joint Stipulation of Settlement.

It is ORDERED this 18th day of January, 2011.

_____
Honorable Morton Denlow
United States Magistrate Judge